YOSHIDA & ASSOCIATES
A Law Corporation

RANDAL YOSHIDA, Hawaii Bar No. 3059
Email: randal@ERISAfundcounsel.com
NOAH PETERSON, Hawaii Bar No. 10734
Email: noah@ERISAfundcounsel.com
ROBERT ZANE, Hawaii Bar No. 107912
Email: robert@ERISAfundcounsel.com
RYAN YOSHIDA, Hawaii Bar No. 11496
Email: ryan@ERISAfundcounsel.com
P. O. Box 61474
Honolulu, Hawaii 96839
Telephone No.: (808) 536-6614
Facsimile No.: (808) 206-9898

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII LABORERS'
TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS (**HAWAII LABORERS' PENSION FUND**, by its trustees, Leonard Leong, Cedric Ota, Greg Uyematsu, Alan Shintani, William Giles, Tyler Lau, Mark Matsumoto, Peter Ganaban, Alfonso Oliver, Narsi Ganaban, Toni Figueroa, and Rocco Davis; **HAWAII LABORERS' HEALTH AND WELFARE FUND**, by its trustees, Russell Nonaka, Mark Tagami, Anacleto Alcantra, Karl Kamada, Claude Matsumoto, Toni Figueroa, Peter Ganaban, Mark Matsumoto, Narsi Ganaban, and Rocco Davis; **ANNUITY FUND**, by its trustees, Ryan Wada, Craig | CIVIL NO. 24-00163 LEK-KJM<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST ISLAND HAULING, INC.<br><br>Hearing: September 11, 2024<br>Time: 10:30 a.m.<br>Judge: Hon. Kenneth J. Mansfield<br><br>No Trial Date Set |

| | |
|---|---|
| Nakanishi, Anacleto Alcantra, Clay Asato, Claude Matsumoto, Mark Matsumoto, Peter Ganaban, Alfonso Oliver, Narsi Ganaban, and Rocco Davis; **HAWAII LABORERS' AND EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND** (LECET), by its trustees, Leonard Dempsey, Deron Matsuoka, Robert de Los Reyes, Russell Inouye, Peter Ganaban, Joby North II, Yugan Hottendorf, and Ryan Martin; **HAWAII LABORERS' APPRENTICESHIP AND TRAINING FUND**, by its trustees, Colin Ching, Micah Furuyama, Scott Higa, Leonard Leong, Anthony Tomas, Peter Ganaban, Toni Figueroa, Alvis McCann, Joseph Yaw, Joby North II; **HAWAII LABORERS' VACATION & HOLIDAY FUND**, by its trustees, Kyle Nakamura, Anacleto Alcantra, Claude Matsumoto, James Furukawa, Alfonso Oliver, Peter Ganaban, Toni Figueroa, Domingo Peralta), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ISLAND HAULING, INC., a Hawaii corporation, | ) ) ) |
| Defendant. | ) ) ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO
ENTER DEFAULT JUDGMENT AND AWARD
<u>DAMAGES AGAINST DEFENDANT ISLAND HAULING, INC.</u>

2

On April 8, 2024, Trustees of the Hawaii Laborers' Trust Funds (hereinafter, "Plaintiffs") filed a Complaint for Specific Performance, Assumpsit and Damages ("Complaint").  ECF No. 1.

The jurisdiction of this Court is based on the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980.  Federal question jurisdiction exists in this action under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

On April 25, 2024, the Complaint and Summons were served on Defendant Island Hauling, Inc. (hereinafter, "Defendant"), through Ken Arakawa, Defendant's authorized agent.  ECF No. 7.  Upon service of the Complaint and Summons, Defendant failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired.

On May 17, 2024, Plaintiffs requested an entry of default against Defendant, which the Clerk entered on May 20, 2024.  ECF Nos. 8, 9.  On May 21, 2024, Plaintiffs served, by first class mail, postage prepaid, the Clerk's Entry of Default as to Island Hauling, Inc., on Defendant.  ECF No. 10.

On July 16, 2024, Plaintiffs filed a Motion for Default Judgment Against Defendant Island Hauling, Inc. (hereinafter, "Motion"), in the amount of

$42,516.68 for unpaid contributions, liquidated damages, and interest owed to Plaintiffs, and attorney's fees and costs in the amount of $17,162.06.  ECF No. 12.

Plaintiffs' Motion also seeks a court order directing Defendant to (1) submit all outstanding and/or delinquent reports including, but not limited to its April 2023 through May 2024 reports currently outstanding, and payments, (2) permit Plaintiffs to audit Defendant's payroll books and records, and (3) furnish to the trustees of each of Plaintiffs' six (6) individual trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions or $5,000.00, whichever is greater.  *Id.*

The Motion came on for hearing on September 11, 2024, before undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant.  ECF Nos. 14, 15.  Noah K. Peterson, Esq., appeared on behalf of Plaintiffs.  Defendant failed to appear after three calls by the courtroom manager and failed to otherwise respond to the Motion.

## **FINDINGS**

Having reviewed the Motion, the attached declarations of Noah K. Peterson and Troy Tonini, the exhibits attached thereto, and the record established in this action, this Court finds as follows:

1.    At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2.    Defendant is a signatory to the Agreement Between Island Hauling, Inc. and Laborers' International Union of North America, Local 368 (hereinafter, "Agreement").  ECF No. 12-4.  Pursuant to the Agreement, Defendant is required to:

    a.    submit timely reports to Plaintiffs regarding the hours worked by Defendant's covered employees, with such reports to be submitted to Plaintiffs on or before the 20th day of the month immediately following the month for which the contributions are due;

    b.    contribute and pay to Plaintiffs certain amounts for employee benefits, for work performed by Defendant's covered employees,

with such amounts to be paid to Plaintiffs on or before the 20th day of the month immediately following the month for which the contributions are due;

      c.    maintain records with respect to each of Defendant's employees covered by the Agreement sufficient to determine the benefits due or which may become due to such employees;

      d.    permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid; and

      e.    post a surety bond or cash-in-escrow to secure payment or contributions if required by Plaintiffs.

    3.    Despite Plaintiffs' requests, Defendant has failed to, and continues to fail to, pay all contributions, liquidated damages, and interest owed to Plaintiffs pursuant to the Agreement.

    4.    The Motion seeks payment of contributions, liquidated damages, and interest which Defendant was required to make pursuant to the Agreement. Based on Plaintiffs' status ledger dated July 11, 2024, there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions, liquidated damages, and interest as follows as of July 11, 2024:

| | |
|---|---:|
| Contributions | $30,112.29 |
| Liquidated Damages | $8,930.62 |
| Interest | $3,473.77 |
| **TOTAL** | $42,516.68 |

ECF No. 12-6.

5. Defendant's obligation to pay contributions to Plaintiffs is a continuing obligation and Defendant may accrue and owe additional trust fund contributions, liquidated damages, and interest up to the time of trial or proof.

6. Under the terms of the Agreement and pursuant to 29 U.S.C. § 1132(g)(2)(D), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions, liquidated damages, and interest pursuant to the terms of the Agreement, Defendant would be obligated to pay all of Plaintiffs' reasonable attorneys' fees and costs, together with all reasonable expenses incurred in connection with such suit or claim.

7. Defendant breached the Agreement due to its continuous failure to submit timely contribution reports and timely contribution payments to Plaintiffs.

8. Plaintiffs are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed by Defendant's employees both before and after July 11, 2024.

9. As fiduciaries, Plaintiffs have standing under 29 U.S.C. §§ 1132(a)(3) and 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by

obtaining appropriate relief from this court.  Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary."  29 U.S.C. § 1132(e)(1).

10. The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Upon evaluating all of the *Eitel* factors, default judgment against Defendant is appropriate.

11. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

12. The Court reviewed the billing records of Plaintiffs' counsel, and the declaration attached to the Motion.  Upon said review, the Court finds that 51.7 of the 54 hours expended by Plaintiffs' counsel at an hourly rate of $270 are reasonable, for a total of $13,959 in attorneys' fees.  The Court also finds the general excise tax on the attorneys' fees at the rate of 4.712% in the amount of $657.75, the service of process costs in the amount of $76.44, and the court filing fees of $405 are reasonable.  Accordingly, the Court finds the attorneys' fees and costs in the amount of $15,098.19 to be reasonable, necessarily incurred, and directly related to the services provided herein.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that default judgment be entered in favor of Plaintiffs Trustees of the Hawaii Laborers' Trust Funds and against Defendant Island Hauling, Inc., as follows:

A.   Plaintiffs be awarded damages in the amount of $30,112.29 for unpaid contributions, $8,930.62 in liquidated damages, $3,473.77 in interest and $15,098.19 in attorneys' fees and costs, without prejudice to Plaintiffs to seek other and further damages from Defendant arising from unaudited or otherwise unsubmitted hours worked by Defendant's employees both before and after July 11, 2024, for a total default judgment in the amount of $57,614.87;

B.   Defendant shall submit to Plaintiffs all outstanding and/or delinquent reports including, but not limited to Defendant's April 2023 through May 2024 reports currently outstanding, and payments in accordance with the Agreement;

C.   Defendant shall permit Plaintiffs to audit Defendant's payroll books and records in accordance with the Agreement; and

D.   Defendant shall furnish to the trustees of each of Plaintiffs' six (6) individual trust funds a surety bond or cash-in-escrow in the amount equal to

Defendant's last three (3) months of contributions or $5,000.00, whichever is greater, in accordance with the Agreement.

    IT IS SO FOUND AND RECOMMENDED.

    DATED: Honolulu, Hawaii, October 8, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

---

*Trustees of the Hawaii Laborers' Trust Funds v. Island Hauling, Inc.*; Civil No. 24-00163 LEK-KJM; Findings and Recommendation to Enter Default Judgment and Award Damages Against Island Hauling, Inc.